UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

Case No. 08-cr-20121

v.

Honorable Patrick J. Duggan

ONEA L. LUNDY,

       Defendant.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on December 29, 2010.

PRESENT:      THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

On July 28, 2010, Onea Lundy, a federal prisoner currently confined at the Community

Corrections Management facility in Chicago, Illinois, filed a *pro se* motion attacking his

conviction pursuant to Federal Rule of Civil Procedure 60(b) and the Speedy Trial Act.

Defendant challenges his conviction for possession with intent to distribute a Schedule I

controlled substance, in violation of 21 U.S.C. § 841(a)(1).  He argues that the Court lacked

subject matter jurisdiction due to a defect in his indictment, rendering his conviction void.

He also contends that the Court must vacate his conviction because he was not indicted within

thirty days of his arrest, as required by the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*  The

Court concludes that a hearing on this Motion is unnecessary. *See* E.D. Mich. LR 7.1(f)(2).

For the reasons stated below, the Court denies Defendant's motion.

Defendant appeared to answer the criminal complaint in this case on February 8, 2008.

After a preliminary examination conducted on February 12, 2008, Magistrate Judge Virginia

M. Morgan made a finding of probable cause and ordered pretrial detention. Defendant was

indicted on March 5, 2008, and charged with one count of possession with intent to distribute

a Schedule I controlled substance. On September 4, 2008, Defendant pleaded guilty to this

offense. This Court sentenced him to 46 months' imprisonment on January 14, 2009, and

Defendant has not appealed his conviction.

Defendant seeks to vacate his conviction pursuant to Federal Rule of Civil Procedure

60(b)(4), arguing that the Court lacked subject matter jurisdiction due to a defective

indictment. The Federal Rules of Civil Procedure do not apply to criminal proceedings. *See*

Fed. R. Civ. P. 1. Defendant's motion is therefore improperly raised.

Defendant's motion must be denied for the following reasons:

1. Because Defendant failed to pursue his claims on appeal, he cannot raise them in a
   motion for post-conviction relief unless he demonstrates either cause and actual
   prejudice, or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614,
   622, 118 S. Ct. 1604, 1611 (1998).

2. Defendant mistakenly asserts that the Court must vacate his conviction because he
   was not indicted within thirty days of his arrest, as required by the Speedy Trial Act.
   A defendant pleading guilty waives a Speedy Trial Act violation unless he preserves
   the violation by making a conditional plea pursuant to Federal Rule of Criminal

Procedure 11(a)(2).  *United States v. Pickett*, 941 F.2d 411, 416-17 (6th Cir. 1991).

Defendant pleaded guilty without such a condition, and therefore waived Speedy

Trial Act violations.

Accordingly,

**IT IS ORDERED** that Defendant's motion attacking his conviction pursuant to Federal

Rule of Civil Procedure 60(b)(4) and the Speedy Trial Act is **DENIED**.


 s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE


Copies to:

Stephanie D. Davis, AUSA

Onea Lundy, #19907-424
CCM Chicago
Community Corrections Office
200 W. Adams St., Room 2915
Chicago IL, 60606